# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10530
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 27, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DAVID ASHER AGEE,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-478-1

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

David Asher Agee pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a), and was sentenced to 188 months' imprisonment. He challenges his sentence, which was within his advisory Sentencing Guidelines sentencing range (151-188 months), as substantively unreasonable and greater than necessary to satisfy the goals of 18 U.S.C.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-10530

§ 3553(a), given his history of mental-health issues and suicide attempts, and his attempts to obtain treatment for his psychological problems.

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Agee does not claim procedural error, only that his sentence is substantively unreasonable. Accordingly, because Agee objected in district court to the reasonableness of his sentence, our review is for an abuse of discretion, as discussed above.

Because Agee's sentence was within the Guidelines-sentencing range, it is presumed to be reasonable. *E.g., United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012) (citation omitted). His general disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) sentencing factors is insufficient to rebut that presumption. *E.g., United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Gomez-Herrera*, 523 F.3d 554, 565–66 (5th Cir. 2008).

AFFIRMED.